IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GUILLERMO BERRIOCHA LOPEZ, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. B-01-208 |
| ) | |
| NORMAN Y. MINETA, Secretary of the ) | |
| Department of Transportation, et al., ) | |
| ) | |
| Defendants. ) | |

United States District Court
Southern District of Texas
FILED

MAR 1 3 2002

Michael N. Milby
Clerk of Court

**DEFENDANTS' UNOPPOSED MOTION TO POSTPONE
INITIAL PRE-TRIAL AND SCHEDULING CONFERENCE AND TO
DEFER THE FILING OF RULE 26 DISCLOSURES**

Plaintiffs filed their complaint December 18, 2001. That same day, this court set a pre-trial and scheduling conference for March 20, 2002, before the Honorable John Wm. Black. An order regarding a Joint Discovery Case Management Plan under Fed. R. Civ. P. 26(f) was also issued. Pursuant to Local Rule 7, individual federal defendants Norman Y. Mineta, Joseph M. Clapp and Mary E. Peters respectfully request this court to postpone that conference. Defendants also move to suspend any disclosure obligations under Fed. R. Civ. P. 26 until such time that defendants have to answer the complaint. Pursuant to Local Rule 7.1(C), a proposed order is attached.

In support of this motion, defendants state as follows:

(1)  Plaintiffs seek to sue three federal defendants in their individual capacity for alleged constitutional torts.

(2)  Copies of the complaint and sixty day summonses were

mailed by certified mail to the places of business of defendants, Secretary of Transportation Mineta and Mary E. Peters, Administrator of the Federal Highway Administration, and received on March 4, 2002.  Defendants intend to waive personal service, and waiver of service forms will be executed when plaintiffs provide them to the undersigned counsel.

(4)  Pursuant to Fed. R. Civ. P. 4(i), as amended in 2000, within sixty days of service or its waiver, defendants will file a motion to dismiss the instant complaint under Fed. R. Civ. P. 12.  That dispositive motion will explain why this personal capacity suit, which essentially challenges the United States' implementation of the North American Free Trade Agreement, should be barred.  Among other defenses, defendants intend to raise qualified immunity.

(5)  The Supreme Court has repeatedly counseled that qualified immunity is immunity from suit.  Saucier v. Katz, 121 S. Ct. 2151, 2155-56 (2001)("the privilege is an *immunity from suit* rather than a mere defense to liability. . .").  It must be settled at the earliest possible juncture in the litigation.  Hunter v. Bryant, 502 U.S. 224, 227 (1991)(Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation," so officers do not "err always on the side of caution because they fear being sued").  Part and parcel of immunity from suit is

2

immunity from the burdens of discovery. In fact, "until this threshold immunity question is resolved, discovery <u>should</u> <u>not</u> <u>be</u> <u>allowed</u>." <u>Siegert v. Gilley</u>, 500 U.S. 224, 231 (1991)(emphasis added), <u>citing</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>Crawford-El v. Britton</u>, 523 U.S. 574, 588 (1998)("district court should resolve that threshold question <u>before</u> <u>permitting</u> <u>discovery</u>")(emphasis added).

(6) Rule 26 disclosures are designed to front-load the litigation process without "awaiting <u>formal</u> discovery requests. . ." Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amendments (emphasis added). Their "major purpose . . . is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information. . ." <u>Id.</u> Where parties object to initial disclosures, the court must examine "the circumstances of the action" and issue "case-specific orders," deferring initial disclosures as appropriate. <u>Id.</u>, Advisory Committee Notes, 2000 Amendments.

(7) The concerns prompting the protection of government officials by qualified immunity are particularly acute in the context of suits against high-ranking government officials like defendants herein. The nature of their office makes such individuals common targets of litigation. As parties to the suit, defendants Mineta, Clapp and Peters would be required to disclose information reasonably available to them. Were such

3

officials routinely required to provide initial disclosures in every constitutional tort suit before their immunity defense was considered, the effectiveness of government would be significantly compromised.

(8) Postponing the pre-trial and scheduling conference and deferring disclosures until such a time as they become necessary conserves the resources of plaintiffs and the court as well. Accordingly, to best utilize the resources of all parties and the court, defendants respectfully request that the status conference be removed from the calendar and all disclosure obligations under Rule 26 be suspended until such time as defendants are required to answer the complaint.

(9) The undersigned has discussed the contents of this motion with plaintiffs' counsel, Horacio Barrera. Plaintiffs do not oppose either postponing the March 20 status conference or suspending the parties' Rule 26 disclosure requirements.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General
Civil Division

JOHN LODGE EULER
Acting Director
Torts Branch, Civil Division

ANDREA W. McCARTHY
Senior Trial Counsel
Torts Branch, Civil Division

*[signature]*

MARY HAMPTON MASON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 7146
Ben Franklin Station
Washington, D.C. 20044-7146
Tel:  (202) 616-4123
Fax:  (202) 616-4314

Dated:  March 12, 2002

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GUILLERMO BERRIOCHA LOPEZ, et al., | ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. B-01-208 |
| NORMAN Y. MINETA, Secretary of the Department of Transportation, et al., | ) |
| Defendants. | ) |

### [PROPOSED] ORDER

Having reviewed Defendants' Unopposed Motion to Postpone the Initial Pre-Trial and Scheduling Conference and Defer the Filing of Rule 26 Disclosures, the Court hereby ORDERS:

(1) The Pre-trial and Scheduling Conference set for March 20, 2002, is cancelled; AND,

(2) Given the circumstances of this case, it is further ORDERED that the filing of Disclosures pursuant to Fed. R. Civ. P. 26 is deferred until such time as defendants may be required to file an Answer to the Complaint.

_____
Honorable John Wm. Black

Dated: _____

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 12, 2002, I served true copies of the foregoing **Notice of Appearance,** and **Defendants' Unopposed Motion to Postpone Initial Pre-Trial and Scheduling Conference and Defer the Filing of Rule 26 Disclosures** and **Proposed Order** by first class mail, postage pre-paid, upon the following attorneys for the plaintiffs:

**Federico C. Sayre**
**Fernando F. Chavez**
Sayre & Chavez
900 North Broadway, 7th Street
Santa Ana, CA 92701
Tel: (714) 550-9117
Fax: (714) 550-9125

**Horacio L. Barrera**
Martinez & Barrera, LLP
1201 East Van Buren
Brownsville, Tx 78520
Tel:  (956) 546-7159
Fax:  (956) 544-0602

MARY HAMPTON MASON